[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (No. 148.01)
This case involves a Fourth of July party that erupted into a melee upon the arrival of the plaintiff law enforcement officer. The officer, who was acting in the course of performing his official duties, claims that he was injured when a member of the party threw a beer keg at him. He has sued a number of defendants, but the motion for summary judgment now before the Court only involves three defendants — Lucia, Vittoria, and Robert Palmieri (the "Palmieri defendants") — sued in their capacity as possessors of the land on which the party occurred. For the reasons briefly stated below, the Palmieri defendants are entitled to judgment as a matter of law.
This action was commenced against numerous defendants by service of process in 1996. The allegations against the Palmieri defendants are contained in the first three counts of the plaintiff's second revised complaint. The first count is directed against Lucia. That count alleges that on July 4, 1997, Lucia possessed a family dwelling located at 859 Thompson Street in New Haven, the location of the July Fourth party in question. Lucia is alleged to have been negligent in that (a) she "provided intoxicating liquor to members of a crowd gathered on . . . her property knowing that members of the crowd were intoxicated when she . . . knew or should have known that doing so would create a dangerous and defective condition," (b) she "allowed a crowd to assemble on . . . her property whose members were intoxicated when she . . . knew or should have known that doing so would create a dangerous and defective condition," (c) she "failed to warn the plaintiff of the violent nature of the crowd when she . . . knew or should have known that the dangerous and defective condition would likely result in injury," and (d) she "failed to make a reasonable inspection of said premises to ascertain that a large unruly crowd was present on said premises." The second and third counts make CT Page 9386 identical allegations against Vittoria and Robert respectively.
The Palmieri defendants filed the motion for summary judgment now before the court on June 2, 2000. The Palmieri defendants have submitted affidavits asserting that the large crowd referred to in the complaint was in fact gathered on certain adjoining properties and that they (the Palmieri defendants) had nothing to do with the assaultive behavior in question.
The plaintiff has submitted two counteraffidavits in response. One affidavit is his own. That affidavit states that the incident in question "occurred on and around" the property possessed by the Palmieri defendants. According to the plaintiff's affidavit, "it is possible that the object that hit me came from the [Palmieri defendants'] property." The plaintiff's affidavit further suggests that Robert Palmieri may have thrown the object in question or incited another person to throw it. No details supporting this latter assertion are supplied. The second counteraffidavit is that of another law enforcement officer, Ted Stockman. Officer Stockman asserts that he received a report "that an Officer was down, and a party was out of control." Upon his arrival at the scene, Officer Stockman found the plaintiff to be seriously injured. He also "saw a crowd of approximately 200-250 people, at least 2/3 — 4/5 of which were on the `Palmieri Property.'" He further states that, "Objects and threats came from people who were on the `Palmieri Property.'"
The motion was heard on July 31, 2000.
The materials submitted by the plaintiff fail to support the allegations of his complaint against the Palmieri defendants. Three of the four specifications of negligence can be dismissed at the outset. There is not a scintilla of evidence either that (a) any of the Palmieri defendants "provided intoxicating liquor" to members of the crowd, (b) the members of the crowd were intoxicated, or (d) any of the Palmieri defendants failed to inspect the premises. In addition, the suggestion in the plaintiff's counteraffidavit that Robert Palmieri may have thrown the object in question or incited another person to throw it, its lack of supporting detail aside, fails to match any specification of negligence in the sole count of the complaint directed against him. While other defendants (not involved in the present motion) are sued on the theory that they threw the object in question or incited others to throw it, the only allegations against the Palmieri defendants are the allegations of premises liability already denied;
The only specification of premises liability that remains to be discussed is (c), that the Palmieri defendants "failed to warn the CT Page 9387 plaintiff of the violent nature of the crowd when [they] knew or should have known that the dangerous and defective condition would likely result in injury." Given the materials submitted to the Court, specification (c) utterly fails of proof for two different reasons.
First, while there is evidence that the crowd in question became "violent" at some point after the plaintiff arrived, there is no evidence that it was in any way "violent" prior to this time. (Officer Stockman's narrative begins after the Plaintiff's injury had already occurred.) As far as the submitted materials indicate, the only attribute of the crowd of which the Palmieri defendants should have been aware before the plaintiff arrived was its size. But a crowd of 200-250 people is not itself a premises defect. Many peaceful gatherings, including weddings and other happy events, are this size or larger.
Second, because the plaintiff was a law enforcement officer in the course of performing his official duties, he is subject to the firefighter rule, which gives a law enforcement officer the status of a licensee in a personal injury action against a landowner for harm sustained during the course of duty. Lodge v. Arett Sales Corp.,246 Conn. 563, 580 n. 12, 717 A.2d 215 (1998); Furstein v. Hill,218 Conn. 610, 616, 590 A.2d 939 (1991). One requirement of this rule is that "`the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger.'" Furstein v. Hill, supra, 218 Conn. at 624 (quoting RESTATEMENT (SECOND) OF TORTS § 342). There is no evidence in the materials submitted to the Court either that the Palmieri defendants knew or had reason to know of the assertedly dangerous condition (viz. "the violent nature of the crowd") or that they had reason to expect that the police would not discover or realize the danger in question if indeed it existed.
In all of these respects, the Court is faced with a total lack of proof of the plaintiff's allegations. There is nothing in the materials submitted to the Court that would warrant submission of any of the issues in question to the jury. Because there is no genuine issue as to any material fact and the moving parties are entitled to judgment as a matter of law, the motion must be granted. P.B § 17-49.
The defendants' motion for partial summary judgment is granted.
Jon C. Blue Judge of the Superior Court CT Page 9388